# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARVIN LEROY TORNEDEN,

        Plaintiff,

v.

U.S. GOVERNMENT,

        Defendant.

CIVIL ACTION

No: 10-4042-CM-GLR

## ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff brings this medical negligence action against the United States government seeking damages for hearing loss. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (doc. 4). Plaintiff requests that the Court appoint a lawyer to represent him in this case. In his motion, he has listed the names of five attorneys he contacted but was unable to obtain their services.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[1] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel "in such circumstances as the court may deem just."[2] For a medical negligence claim against the federal government, however, there is no similar provision for appointment of counsel. Instead, courts considering requests for the appointment of counsel generally look to the *in forma*

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] 42 U.S.C. § 2000e-5(f)(1).

*pauperis* statute, 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[4] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5]

Plaintiff does not proceed *in forma pauperis* in this action. Nor has he otherwise shown that he is unable to afford counsel. Absent some further showing of justification, the Court denies his request for appointment.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Appointment of Counsel (doc. 4) is denied.

Dated this 17th day of June, 2010.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge

---

[3] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. Civ. A. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

2