IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVIN LEROY TORNEDEN, )
)
        Plaintiff, )
) CIVIL ACTION
v. )
) Case No. 10-4042-CM
UNITED STATES GOVERNMENT and )
THE FOOD AND DRUG )
ADMINISTRATION, )
)
        Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiff Marvin Leroy Torneden brought this case *pro se*, claiming that he suffered a hearing loss because the Food and Drug Administration ("FDA") does not have protocols governing the use of Vancomycin, a drug that he was given by a doctor at the Topeka VA Medical Center. On May 11, 2011, the court granted defendants' motion to dismiss for lack of jurisdiction because plaintiff failed to administratively exhaust his claim. The case is now before the court on a motion to reconsider filed by plaintiff (Doc. 41). Plaintiff states that he did not mean to file a case with a different claim than the claim he previously administratively exhausted.

Plaintiff characterizes his motion as a motion to reconsider. The court construes plaintiff's motion to reconsider as a motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e). *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997) (citation omitted). The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. See D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, 2001 WL

1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Although plaintiff does not specify, it appears that he makes his argument under the third justification for alteration or amendment—to prevent manifest injustice. The court understands the difficulties that plaintiff experienced in searching for an attorney to represent him in this case. And the court recognizes that plaintiff struggled with responding to defendants' motion to dismiss. Indeed, the court gave plaintiff substantial additional time to research and formulate his response. But if the court were to grant plaintiff the relief that he seeks, the court would essentially redraft plaintiff's complaint for him. Such measures were not appropriate in considering defendants' motion to dismiss, and they are not appropriate now.

Plaintiff's claim in this case differs from the claim that he administratively exhausted. He administratively exhausted a claim that a doctor at the Topeka VA did not give him a "protection drug to protect hearing and clean blood which is advised by drug manufacturer." (Doc. 20-2, at 2.) In his administrative complaint, plaintiff's claim was that the Topeka VA negligently treated an infection with Vancomycin, causing a hearing loss. But plaintiff's Amended Complaint in this case asserts, "FDA does not have protoco[l] for Vancomycin for VA Doctor to use." (Doc. 16, at 3.) Defendants pointed out this difference in their motion to dismiss, and plaintiff had ample time and opportunity to amend and/or correct the description of his claim before the court granted the motion to dismiss. It is not fair or reasonable for the court to allow plaintiff to change his position now.

Defendants should not be required to, in essence, restart the case over a year after the case was filed. All this considered, it would not prevent manifest injustice for the court to reopen the case and allow plaintiff to pursue a new claim now.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider (Doc. 41) is denied.

Dated this 10th day of June 2011, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**